UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| STANLEY EISENBERG, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. SA-11-CV-384-XR |
| | § | |
| DEUTSCHE BANK TRUST CO. | § | |
| AMERICAS AS TRUSTEE, ET AL. and | § | |
| NAOMI FEISTEL and PAM MOSLEY, | § | |
| | § | |
| *Defendants*, | § | |
| | § | |

**ORDER**

On this date, the Court considered Plaintiff Stanley Eisenberg's motion to remand (docket no. 4) and the response thereto. After careful consideration, the Court will deny the motion.

**I. Background**

Defendant Deutsche Bank Trust Companies America removed this case to this Court on May 13, 2011. Plaintiff's state-court pleading, entitled "Plaintiff's Application [for] TRO, Temporary and Permanent Injunction," states that: Plaintiff is the record owner of certain real property; Defendant Deutsche Bank is the alleged holder of the mortgage note; Defendant has declared the note accelerated and has requested a nonjudicial foreclosure sale of Plaintiff's property; there are impediments to the foreclosure sale "relating to the amounts owed or reinstatement amounts"; Defendant or its predecessor made "various note, agreements, modifications and arrangements with the Plaintiff which were not complied with [and] which kept the Plaintiff from knowing the extent of debt, or denied Plaintiff all lawful offsets and credits under the note." Further, Plaintiff alleges that

1

the amounts claimed to be due and owing are in fact not due and owing because offsets are not credited.

Plaintiff alleges the following claims: breach of contract, violations of the Texas Property Code, and violations of the Texas Debt Collection Practices Act. Plaintiff seeks actual damages, exemplary damages, and attorney's fees. Plaintiff also seeks injunctive relief preventing the foreclosure.[1] The named Defendants include Deutsche Bank, and the two Substitute Trustees named in the security instrument – Naomi Feistel and Pam Mosley.[2] No parties had been served at the time of removal.

Plaintiff timely filed the instant motion to remand, arguing that diversity jurisdiction is lacking because the amount in controversy does not exceed $75,000 and because the parties are not diverse. Defendant has responded, arguing that the amount in controversy and diversity requirements are satisfied.

---

[1] The state district court issued a TRO on May 2, 2011.

[2] The body of the petition states at one point that Plaintiff has claims against "Aurora Loan Services LLC." Pet. ¶ 12. According to the Notice of Substitute Trustee's Sale, attached as an Exhibit to Plaintiff's Motion, Aurora Loan Services LLC is the mortgage servicer for Deutsche Bank. The caption of Plaintiff's petition lists the Defendants as "Deutsche Bank Trust Co. Americas as Trustee et al. and Naomi Feistel and Pam Mosley." The use of "et al." in the caption is ambiguous. Plaintiff refers to Defendant Deutsche Bank as "Deutsche Bank Trust Company America as Trustee, et al." within the petition as well. Pet. ¶ 6. However, the caption of the petition does not name Aurora, nor does the list of parties within the petition. Other than the reference in ¶ 12, Plaintiff does not otherwise mention Aurora or indicate that Aurora is intended to be a party Defendant. Thus, at this point, Aurora is not a party whose citizenship must be considered for diversity purposes. If Plaintiff intends to assert claims against Aurora and Aurora is a Texas citizen, Plaintiff must request joinder pursuant to 28 U.S.C. § 1447(e) and the factors identified in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).

## II. Analysis

**A. Amount in Controversy**

Plaintiff asserts that this case involves mainly equitable relief and the petition does not specify an amount of damages sought. However, Defendant correctly notes that where injunctive relief is sought with regard to real property, the value of the real property determines the amount in controversy. *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). Defendant has provided evidence that the value of the real property exceeds $75,000 by submitting the county tax appraiser's appraisal, which values the property at $302,800.00. Thus, the amount in controversy exceeds $75,000.

**B. Diversity of Citizenship**

With regard to diversity of citizenship, Plaintiff argues that the petition names Mosley as a defendant, and she and Plaintiff are both Texas citizens.[3] Plaintiff asserts that the substitute trustees are the ones who will be enjoined from proceeding with a foreclosure sale. Defendant asserts that the citizenship of the substitute trustees should be disregarded because they are nominal parties and because they are improperly joined.

The citizenship of a nominal party is disregarded for purposes of determining diversity jurisdiction. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 465-66 (1980). Nominal parties also are not required to consent to removal under the unanimity rule. *Acosta v. Master Maintenance and Const. Inc.*, 452 F.3d 373, 379 (5th Cir. 2006). Whether a party is "nominal" for removal purposes depends on "whether, in the absence of the [defendant], the Court can enter a final judgment consistent with

---

[3] Deutsche Bank asserts that it is a foreign corporation and maintains its home office in New York. Deutsche Bank asserts that Feistel is a California citizen because she is domiciled there.

equity and good conscience which would not be in any way unfair or inequitable to the plaintiff." *Id.* (quoting *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349*, 427 F.2d 325, 327 (5th Cir. 1970)). Additionally, a party is nominal if its role is restricted to that of a "depositary or stakeholder." *Louisiana v. Union Oil Co. of Calif.*, 458 F.3d 364, 366-67 (5th Cir. 2006). Whether a party is nominal does not depend on how the plaintiff labels its complaint, but rather on the practical effect of a judgment on a given defendant. *Id.*

The Fifth Circuit has stated that, "[t]o establish that non-removing parties are nominal parties, 'the removing party must show . . . that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court.'" *Farias v. Bexar County Bd. of Trustees*, 925 F.2d 866, 871 (5th Cir. 1991). Thus, some courts have noted that the inquiry is the same as the improper joinder analysis. *See, e.g.*, *S. Lavon Evans, Jr. Drilling Venture v. Laredo Energy Holdings*, Civ. A. No. 2:11-CV12, 2011 WL 1104150 at *4 n.2 (S.D. Miss. March 23, 2011) ("The two analyses appear to be substantially identical.").

Plaintiff does not allege any facts that suggest that a claim is being asserted directly against the Substitute Trustee based on misconduct by the Substitute Trustee. Rather, it appears that Plaintiff has joined the Substitute Trustees because they were requested by Deutsche Bank to proceed with the foreclosure sale. Plaintiff asserts three causes of action in the petition: (1) breach of contract; (2) violations of the Texas Property Code; and (3) violations of the Texas Debt Collection Practices Act. Plaintiff does not allege the he has a contract with the Substitute Trustees or that they have breached the terms of any such contract. *See Cook v. Wells Fargo Bank, N.A.*, No. 3:10 - CV-592, 2010 WL 2772445, at *4 (N.D.Tex. July 12, 2010) (noting that "it may be that the [plaintiffs] dispute [the mortgage servicer's] authority to foreclose on behalf of U.S. Bank. But there is no reasonable basis

4

for the court to predict that [the substitute trustees] may be liable to the [plaintiffs] for breach of contract."). Further, a substitute trustee is not a debt collector[4] or a creditor, and thus Plaintiff cannot assert claims against the Substitute Trustees under the Texas Debt Collection Practices Act. Thus, the only remaining claim that Plaintiff may bring against the Substitute Trustee is a violation of the Texas Property Code.

The petition alleges a violation of three separate sections of the Texas Property Code: section 51.002, section 51.0074, and section 51.0075. Section 51.0074 provides:

> § 51.0074. Duties of Trustee
>
> (a) One or more persons may be authorized to exercise the power of sale under a security instrument.
> (b) A trustee may not be:
> (1) assigned a duty under a security instrument other than to exercise the power of sale in accordance with the terms of the security instrument; or
> (2) held to the obligations of a fiduciary of the mortgagor or mortgagee.

Plaintiff has not alleged that the trustee was assigned any duty other than to exercise the power of sale. Thus, there appears to be no basis on which to hold the Substitute Trustee liable under section 51.0074.

Section 51.0075 provides:

> § 51.0075. Authority of Trustee or Substitute Trustee
>
> (a) A trustee or substitute trustee may set reasonable conditions for conducting the public sale if the conditions are announced before bidding is opened for the first sale of the day held by the trustee or substitute trustee.
>
> (b) A trustee or substitute trustee is not a debt collector.
>
> (c) Notwithstanding any agreement to the contrary, a mortgagee may appoint or may authorize a mortgage servicer to appoint a substitute trustee or substitute trustees to

---

[4] TEX. PROP. CODE § 51.0075(b) ("A trustee or substitute trustee is not a debt collector.").

succeed to all title, powers, and duties of the original trustee. A mortgagee or mortgage servicer may make an appointment or authorization under this subsection by power of attorney, corporate resolution, or other written instrument.

(d) A mortgage servicer may authorize an attorney to appoint a substitute trustee or substitute trustees on behalf of a mortgagee under Subsection (c).

(e) The name and a street address for a trustee or substitute trustees shall be disclosed on the notice required by Section 51.002(b).

(f) The purchase price in a sale held by a trustee or substitute trustee under this section is due and payable without delay on acceptance of the bid or within such reasonable time as may be agreed upon by the purchaser and the trustee or substitute trustee if the purchaser makes such request for additional time to deliver the purchase price. The trustee or substitute trustee shall disburse the proceeds of the sale as provided by law.

Plaintiff alleges no facts that would indicate a violation of any provision of section 51.0075 by the Substitute Trustee. Thus, there appears to be no basis on which to hold the Substitute Trustee liable under section 51.0075.

Last, Plaintiff alleges a violation of section 51.002, which applies to mortgagees and trustees conducting the sale of real property under a contract lien, and requires compliance with its requirements in the conduct of the sale. *Williams v. Bank of New York Mellon*, Civ. A. No. 3:09-CV-1622, 2010 WL 3359461 (N.D. Tex. Aug. 23, 2010). However, because no sale has occurred in this case, the provisions of subsections 51.002(a), (b), and (c), which apply to Substitute Trustees and govern the conduct of and notice of the sale, cannot have been violated. *See Biggers v. BAC Home Loan Servicing*, Civ. A. No. 3:10-CV-1182, __ F. Supp. 2d __, __ (N.D. Tex. Feb. 10, 2011) (noting that because § 51.002(b) requires notice of sale that complies with its requirements at least 21 days before the sale and no sale had occurred, there could not be a violation of that section); *see also Marsh v. Wells Fargo Bank*, 760 F. Supp. 2d 701, 708 (N.D. Tex. 2011) (noting that breach of the trustee's duties is not an independent tort under Texas law, but may be stated as a claim for wrongful

6

foreclosure, which requires that the property have been sold at a foreclosure sale). Further, Plaintiff has not alleged any deficiencies in the notice. Moreover, pursuant to statute, "[a] trustee shall not be liable for any good faith error resulting from reliance on any information in law or fact provided by the mortgagor or mortgagee or their respective attorney, agent, or representative or other third party." TEX. PROP. CODE § 51.007(f). Plaintiff has not alleged any bad faith on the part of the Substitute Trustee. Thus, there appears no basis for finding the Substitute Trustee liable under section 51.002.

With regard to Plaintiff's request for injunctive relief, Texas law recognizes that a trustee named solely in his or her capacity as trustee under a deed of trust or security instrument is not a necessary party in a suit to prevent a foreclosure. Section 51.007 provides in part:

> § 51.007. Trustee Under Deed of Trust, Contract Lien or Security Instrument
>
> (a) The trustee named in a suit or proceeding may plead in the answer that the trustee is not a necessary party by a verified denial stating the basis for the trustee's reasonable belief that the trustee was named as a party solely in the capacity as a trustee under a deed of trust, contract lien, or security instrument.
>
> (b) Within 30 days after the filing of the trustee's verified denial, a verified response is due from all parties to the suit or proceeding setting forth all matters, whether in law or fact, that rebut the trustee's verified denial.
>
> (c) If a party has no objection or fails to file a timely verified response to the trustee's verified denial, the trustee shall be dismissed from the suit or proceeding without prejudice.
>
> (d) If a respondent files a timely verified response to the trustee's verified denial, the matter shall be set for hearing. The court shall dismiss the trustee from the suit or proceeding without prejudice if the court determines that the trustee is not a necessary party.
>
> (e) A dismissal of the trustee pursuant to Subsections (c) and (d) shall not prejudice a party's right to seek injunctive relief to prevent the trustee from proceeding with a foreclosure sale.

TEX. PROP. CODE § 51.007. As noted, the Substitute Trustees had not yet been served at the time of

removal, so they have not yet had an opportunity to file verified denials under this section. However, section 51.007 expressly provides that "[a] dismissal of the trustee pursuant to Subsections (c) and (d) shall not prejudice a party's right to seek injunctive relief to prevent the trustee from proceeding with a foreclosure sale." Thus, the Substitute Trustee is not a necessary party for Plaintiff to obtain the injunctive relief he seeks. *See Marsh*, 760 F. Supp. 2d at 709; *see also Gregory v. S. Tex. Lumber Co.*, 216 S.W. 420, 421 (Tex. Civ. App.–San Antonio 1919, writ dism'd w.o.j.) (substitute trustee is a nominal party in foreclosure).

Based on the above analysis, the Court finds that the Substitute Trustees are nominal parties whose presence does not defeat diversity jurisdiction. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) ("[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy."); *Cantor v. Wachovia Mortgage FSB*, 641 F. Supp. 2d 602, 612 (N.D. Tex. 2009) (disregarding citizenship of trustee after finding that trustee was improperly joined).

**C. Request for Remand under § 1441(c)**

Plaintiff also asks the Court to remand this case as a matter of discretion pursuant to 28 U.S.C. § 1441(c), which provides, "Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 [federal question jurisdiction] of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates." Because that section is inapplicable, the request is denied.

## Conclusion

Plaintiff's Motion to Remand (docket no. 4) is DENIED.

According to the removal papers, no party had been served at the time of removal, and it does not appear that service has been effected since removal. Title 28 U.S.C. § 1447(a) provides that "[i]n any case removed from a State court, the district court may issue all necessary orders and process to bring before it all proper parties whether served by process issued by the State court or otherwise." Further, § 1448 provides that "[i]n all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court." Accordingly, Plaintiff is directed to effect service of process upon Defendant Deutsche Bank in accordance with the Federal Rules of Civil Procedure. Service must be effected within 120 days of the filing of the petition pursuant to Rule 4(m). To avoid delays associated with service, Deutsche Bank may wish to file an answer or waive service.

This Court's Order and Advisory (docket no. 3) is VACATED as premature. A new Order and Advisory will issue after Defendant answers or otherwise responds to the complaint.

It is so ORDERED.

SIGNED this 5th day of July, 2011.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE